**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 3 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

OBED HERNAN ALVARENGA
MARTINEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-299

Agency No.    A206-685-996

MEMORANDUM[*]

On Petition for Review of an Order of an
Immigration Judge

Submitted March 14, 2023[**]
Submission Withdrawn March 15, 2023
Resubmitted November 3, 2023

Before: BRESS and MENDOZA, Circuit Judges, and ERICKSEN,[***] District Judge.

Obed Hernan Alvarenga Martinez, a native and citizen of El Salvador,

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

[***]      The Honorable Joan N. Ericksen, United States District Judge for the
District of Minnesota, sitting by designation.

petitions for review of an Immigration Judge's ("IJ") negative reasonable fear determination. "We review the IJ's determination that the [noncitizen] did not establish a reasonable fear of persecution or torture for substantial evidence." *Bartolome v. Sessions*, 904 F.3d 803, 811 (9th Cir. 2018). We must uphold the IJ's determination "unless, based on the evidence, any reasonable adjudicator would be compelled to conclude to the contrary." *Orozco-Lopez v. Garland*, 11 F.4th 764, 774 (9th Cir. 2021) (citation omitted). We have jurisdiction over the timely petition for review under 8 U.S.C. § 1252. *See Alonso-Juarez v. Garland*, 80 F.4th 1039, 1043 (9th Cir. 2023). We deny the petition.

Substantial evidence supports the IJ's determination that Alvarenga Martinez failed to establish a reasonable possibility of persecution on account of a protected ground. Gang members sought to extort money from him because of his perceived wealth, not because of his family membership. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1019–22 (9th Cir. 2023); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

We do not consider Alvarenga Martinez's contentions regarding the INTERPOL notice because they were not presented in the proceedings below, and the government has preserved the exhaustion issue. *See Santos-Zacaria v. Garland*, 598 U.S. 411, 417–19 (2023) (holding that 8 U.S.C. § 1252(d)(1) is a non-jurisdictional but mandatory claim-processing rule).

By failing to argue it in his brief, Alvarenga Martinez waived his challenge to the IJ's determination that he did not demonstrate a reasonable fear of torture should he be returned to El Salvador. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013).

The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal is otherwise denied.

**PETITION FOR REVIEW DENIED.**